UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES DAILY,

                       Petitioner,             02 Civ. 2725 (PKC)

    -against-

                                            ORDER ADOPTING REPORT
                                          <u>AND RECOMMENDATION</u>

THE PEOPLE OF THE STATE OF NEW
YORK,

                     Respondent.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        In November 1998 after a jury trial in the New York Supreme Court, New York County, petitioner James Daily was convicted of one count of Robbery in the First Degree (N.Y. Penal Law § 160.15(4)), one count of Robbery in the Second Degree (N.Y. Penal Law § 160.10(1)), two counts of Attempted Robbery in the First Degree (N.Y. Penal Law §§ 110.00, 160.15(2) and 160.15(4)), one count of Attempted Robbery in the Second Degree (N.Y. Penal Law §§ 110.00 and 160.10(1)), one count of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03), and one count of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(4)). After pursuing his state law remedies, on April 9, 2002, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief on the ground that: (1) his Sixth Amendment right to confront his accusers was violated by the admissions of testimony about his co-defendant, Curtis Mitchell; (2) the evidence relating to his possession of a weapon was insufficient to support his convictions; and (3) the state court improperly denied his motion to suppress a pre-arrest statement. (Only the last issue was

presented to the state court on appeal.)  The case was originally assigned to Judge Berman, who referred Daily's habeas petition to Magistrate Judge Maas.  The case was then reassigned to my docket.  On May 12, 2005, Judge Maas issued a Report and Recommendation urging the Court to dismiss the petition in its entirety.  The Report and Recommendation stated that the parties had ten days from service of the Report to file any objections.  As of the date of this Order, no objections have been filed.

       Having reviewed Judge Maas's Report and Recommendation, I find it to be well reasoned and thoroughly grounded in law.  Judge Maas reviewed petitioner's submissions, the transcripts of petitioner's state court proceedings and case law governing the issues raised in the petition and properly concluded that: (1) petitioner's first two claims for relief were unexhausted, but, in any event, would not entitle petitioner to a writ of habeas corpus; and (2) petitioner was barred from raising his claim that his motion to suppress a post-arrest statement was wrongfully denied because he had been afforded a full and fair opportunity to litigate that Fourth Amendment claim in the state courts.

       Accordingly the Report is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

       Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 22, 2005